OPINION
{¶ 1} Respondent-appellant, the Ohio Civil Rights Commission ("the commission"), appeals the decision of the Fayette County Court of Common Pleas regarding the computation of damages to be awarded to Teresa Smith. We affirm the decision of the court in part and reverse it in part.[1] *Page 2 
 {¶ 2} On April 6, 2001, Smith filed a charge of discrimination with the commission, alleging that petitioner-appellee, John Jordan, D.D.S., had committed unlawful sexual discrimination, retaliation, and constructive discharge against her. The commission issued a formal complaint against appellee, and a hearing was held before an administrative law judge ("ALJ").
 {¶ 3} Following the administrative hearing, the ALJ issued a report finding that appellee had committed hostile-environment sexual harassment, had unlawfully retaliated against Smith, and had constructively discharged her from employment. The ALJ recommended the commission issue a cease-and-desist order against appellee and require him to pay a judgment for front and back pay to Smith.
 {¶ 4} Appellee filed objections to the ALJ's report, and the commission overruled the objections. In its June 23, 2005 final order, the commission issued a cease-and-desist order against appellee, required him to receive sexual harassment training, and ordered him to pay Smith $2,048 in front pay and $43,520 in back pay.
 {¶ 5} Appellee appealed the decision to the Fayette County Court of Common Pleas. The court adopted the order of the commission. Thereafter, appellee filed an appeal with this court. In our previous opinion, we held that although the record supported findings that appellee's actions constituted a claim for work environment sexual harassment, that appellee retaliated against Smith, and that Smith was constructively discharged, the record did not support the back pay and front pay awards. We therefore remanded the case back to the Fayette County Court of Common Pleas for further proceedings as to the calculation of damages due to Smith. See Jordan v. Ohio Civ. Rights Comm., 173 Ohio App.3d 87,2007-Ohio-3830 ("Jordan I").
 {¶ 6} On remand, the lower court ordered that each party brief the issue of damages. Thereafter, on August 28, 2008, the lower court issued a decision finding the record *Page 3 
supported a damage award to Smith in the amount of $3,031.25 for the period of April 1, 2001 to July 1, 2002. The commission timely appeals to this court, asserting two assignments of error.
 {¶ 7} Assignment of Error No. 1:
 {¶ 8} "THE LOWER COURT ABUSED ITS DISCRETION BY LIMITING TERESA SMITH'S BACK PAY AWARD TO $3031.25."
 {¶ 9} The commission argues the court erred in limiting the award to $3,031.25 because it improperly included Smith's income from her supplemental, or "moonlighting" employment with another dentist as interim earnings.
 {¶ 10} In reviewing the judgment of the lower court, we will not reverse the court's decision absent an abuse of discretion.Ohio Civ. Rights Comm. v. Case W. Res. Univ., 76 Ohio St.3d 168, 177,1996-Ohio-53. An abuse is more than an error of law or judgment; it implies that the attitude of the lower court was "unreasonable, arbitrary, or unconscionable." Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219. In awarding back pay to an entitled discrimination victim, any ambiguities should be resolved against the discriminating employer. Ohio Civ. Rights Comm. v. Ingram, 69 Ohio St.3d 89, 94,1994-Ohio-515.
 {¶ 11} With regard to the amount of damages awarded to Smith, this court previously found that it was unclear how the commission determined the award. We noted the only income-related documents in the record included evidence of Smith's pay rate she received from appellee and her income tax returns from 2001 and 2002, showing that she earned $15,947 in 2001, with $2,509 attributed to the dates she worked for appellee and $19,207 in 2002, all from the same employer. In addition, we noted it was clear she was unemployed or underemployed for a period of time following her discharge by appellee. We determined, however, that in light of the limited financial evidence in the record, the trial court abused its discretion in finding that the damage calculation was supported by reliable, probative, and *Page 4 
substantial evidence. Jordan I, 173 Ohio App.3d 87, 2007-Ohio-3830
at ¶ 45-46.
 {¶ 12} On remand, the lower court ordered the parties to brief the issue of damages. Although the commission provided the court with a method of calculation and an analysis to support its new calculation of $39,440 in back pay and $2,244 in front pay, it submitted no further documentation to support the amounts used in calculating the damage award, despite its ability to request the common pleas court to hear additional evidence on the issue of damages pursuant to R.C. 4112.06(D).
 {¶ 13} Although the commission argues that earnings from a moonlighting job, or secondary job, in which an employee continues to engage following the discriminatory action do not constitute "interim earnings" and cannot be used to offset any back or front pay award, it fails to show how the common pleas court abused its discretion in improperly accounting for any moonlighting earnings in its calculation of damages. As the lower court found, the commission's citations to various portions of the transcript contain no evidence to support damages greater than the $3,031.25 awarded by the court. Our review of the record demonstrates that based on the evidence available to the common pleas court, namely Smith's pay rate from her employment with appellee and her 2001 and 2002 tax returns, it did not abuse its discretion in finding that the commission's damage calculation was unsupported by a preponderance of reliable, probative, and substantial evidence and determining that Smith is entitled to $3,3031.25 in back pay. Accordingly, we overrule the commission's first assignment of error.
 {¶ 14} Assignment of Error No. 2:
 {¶ 15} "THE LOWER COURT ERRED BY FAILING TO AWARD PRE-JUDGMENT AND POST-JUDGMENT INTEREST ON THE BACK PAY AWARD."
 {¶ 16} The commission argues the trial court erred in failing to award interest on the back pay awarded to Smith. Appellee concedes that an award of interest is appropriate. *Page 5 
Pursuant to Ingram, "interest should begin to run on a back pay award under R.C. 4112.05(G) from the time at which the party was discriminated against, in order to restore victims to the economic position they would have been in had no discrimination occurred." Ingram at 93. Accordingly, we find the trial court abused its discretion in failing to include an award of interest in its determination of damages. We sustain the commission's second assignment of error and remand the case for the determination of interest from the date of Smith's discharge to the date appellee demonstrates compliance with the modified order.
 {¶ 17} Judgment affirmed in part, reversed in part, and the matter is remanded to the trial court for further proceedings in accordance with this decision.
WALSH and RINGLAND, JJ., concur.
[1] Pursuant to Loc. R. 6(A), we have sua sponte removed this appeal from the accelerated calendar. *Page 1